**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BNY MELLON, N.A., et al.**                                           **PLAINTIFFS**


**V.**                                   **CIVIL ACTION NO. 1:09-CV-00226-SA-JAD**


**AFFORDABLE HOLDINGS, INC.**                                          **DEFENDANT**


## ORDER

The Defendant has appealed an order of the Magistrate Judge which granted Plaintiffs'

motion to compel [41] and awarded attorneys' fees to Plaintiffs. The Magistrate Judge's order [41]

awarding attorneys' fees is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2010, the Plaintiffs filed an Amended Motion to Compel, attaching a copy of

a good faith certificate. The Magistrate Judge granted the Motion to Compel and ordered Defendant

to pay Plaintiffs' attorneys' fees incurred in bringing the motion.

On July 28, 2010, Defendant filed a Motion for Reconsideration on the Magistrate Judge's

order regarding the paying of Plaintiffs' attorneys' fees. Defendant argues that it dealt with Plaintiff

in good faith and that its objections were "substantially justified" under the circumstances.

## II. DISCUSSION

This Court shall not vacate a Magistrate Judge's order unless his "findings of fact are clearly

erroneous" or his "ruling is clearly erroneous or contrary to law." L. U. Civ. R. 72.1(A)(2); FED. R.

CIV. P. 72(a). "When reviewing a non-dispositive order issued by a Magistrate Judge . . . this court

gives substantial deference to the findings of the Magistrate Judge." Grand Oaks, Inc. v. Anderson, 175 F.R.D. 247, 248 (N.D. Miss. Sep. 12, 1997). The Fifth Circuit has ruled that the imposition of discovery sanctions, including attorneys' fees, is a non-dispositive matter which may be decided by a magistrate judge and reviewed by a district judge under a "clearly erroneous" standard. See Merritt v. Inter'l Bhd. of Boilermakers, 649 F.2d 1013, 1018 (5th Cir. 1981).

Parties may seek discovery at any point after the parties have conferred as required by Rule 26(f). FED. R. CIV. P. 26(d)(1). Once interrogatories and requests for production have been propounded upon a party, he has thirty (30) days to respond. FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). If a party fails to respond to discovery requests, the propounding party may file a motion to compel, provided that the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to respond. FED. R. CIV. P. 37(a)(1).

The Defendant's argument that the Magistrate Judge committed error in ruling that the Defendant must pay attorney fees is without merit. If the motion to compel is granted or the requested discovery is provided after the motion to compel is filed, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). The court must not order payment if 1) the movant did not, in fact, attempt in good faith to obtain the requested discovery responses without court action; 2) the failure to respond was substantially justified; or 3) any other circumstance makes the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

In this case, the Magistrate Judge, after reviewing the circumstances, implicitly held that Defendant's objections were not substantially justified under the circumstances and that there were no other circumstances making such an award unjust. Further, there is no evidence demonstrating that Plaintiff did not attempt in good faith to obtain the requested responses without court action. Thus, Defendant has not met its burden of showing that the Magistrate Judge's decision was clearly erroneous or contrary to law. The Magistrate Judge's award of attorneys' fees for bringing the motion to compel is affirmed.

The Magistrate Judge's Order of July 20, 2010, is **AFFIRMED**.

So ordered on this, the _14th__ day of September, 2010.

**/s/ Sharion Aycock_____**
**UNITED STATES DISTRICT JUDGE**