**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

BNY MELLON, N.A., ET AL                                    PLAINTIFFS

V.                                                    NO. 1:09CV226-SA-JAD

AFFORDABLE HOLDINGS, INC.                                    DEFENDANT

## OPINION AND ORDER

This case arises from a dispute concerning an option agreement to purchase stock in Affordable Holdings, Inc. On December 10, 2010, Defendant Affordable Holdings designated G. Robert Morris, a lawyer from Memphis, Tennessee, as an expert in corporate law. Currently pending before the Court is Plaintiffs' Motion In Limine to Exclude Defendant's Expert Witness, G. Robert Morris [88].

Pursuant to Federal Rule of Evidence 702, expert testimony is admissible when it will assist the trier of fact. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

Under the Federal Rules of Evidence, the trial court must ensure that any and all testimony or evidence is not only relevant, but reliable. Daubert, 509 U.S. at 589. In Daubert, the Supreme Court found that "[t]he primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may

testify." Id. Subsequently, in <u>Kumho Tire Co., Ltd. v. Carmichael</u>, the Supreme Court expanded the <u>Daubert</u> "gatekeeping" obligation of the trial court to apply not only to testimony based on "scientific" knowledge, but also "technical" and "other specialized" knowledge. 526 U.S. 137, 141, 147-48, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The trial judge's effort to assure that the specialized testimony is reliable and relevant can help the trier of fact evaluate some experience at issue in the trial that is foreign to their own. Id. at 148-49, 119 S. Ct. 1167. The Supreme Court stated that <u>Daubert</u>'s list of specific factors neither necessarily nor exclusively apply to every case. Id. at 150-51, 119 S. Ct. 1167. Instead, trial courts enjoy "broad latitude" when deciding how to determine reliability. Id. at 151-53, 119 S. Ct. 1167. The gatekeeping function must be tied to the particular facts of the case. Id. at 149-51, 119 S. Ct. 1167. The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible. <u>Moore v. Ashland Chem., Inc.</u>, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

In this case, Defendant Affordable Holding's expert witness is an attorney designated as an expert in corporate law. While being a lawyer does not necessarily disqualify one as being an expert witness, a lawyer testifying as an expert must still meet the requirements of Rule 702 of the Federal Rules of Evidence. Under Rule 702, an expert must possess specialized knowledge that "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Federal courts have consistently held that legal opinions are not a proper subject of expert testimony because they do not assist the trier of fact in understanding the evidence, instead merely telling the trier of fact what result to reach. <u>Estate of Sowell v. United States</u>, 198 F.3d 169, 171-72 (5th Cir. 1999) (forbidding expert testimony as to whether a fiduciary was "acting reasonably"); <u>Askanase v. Fatjo</u>, 130 F.3d 657, 672-73 (5th Cir. 1997) (holding that the trial court properly excluded expert legal opinions as to whether defendants breached various

fiduciary duties); <u>Salas v. Carpenter</u>, 980 F.2d 299, 305 (5th Cir. 1992) (noting that expert

testimony must bring to the trier of facts more than the lawyers can offer in argument); <u>Owen v.

Kerr-McGee Corp.</u>, 698 F.2d 236, 240 (5th Cir. 1983) (holding that an expert's testimony on the

contributory negligence of a party was a legal conclusions and therefore was an invasion of the

trier of fact's role in deciding the case).[1] Lawyer experts cannot opine as to what law governs an

issue or what the applicable law means because such opinions impermissibly intrude upon the

---

[1] <u>See also</u> <u>Pelletier v. Main Street Textiles, LP</u>, 470 F.3d 48 (1st Cir. 2006) (excluding expert testimony concerning applicability of OSHA regulations to premises owner in a negligence action); <u>Smith v. Wal-Mart Stores, Inc.</u>, 167 F.3d 286, 295 (6th Cir. 1999) ("interpretation of the city and state building codes is a matter of law for resolution by the court and not a proper subject for expert testimony from an engineer"); <u>In re Air Disaster at Lockerbie, Scotland</u>, 37 F.3d 804, 826-27 (2d Cir. 1994) (legal conclusion that airline violated FAA regulations should have been excluded); <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353 (6th Cir. 1994) (overturning verdict where expert witness defined term "deliberate indifference"); <u>Montgomery v. Aetna Cas. & Sur. Co.</u>, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct[.]"); <u>Marx & Co. v. Diners' Club, Inc.</u>, 550 F.2d 505, 509-10 (2d Cir. 1977) (holding that the trial court erred in allowing a legal expert to opine on "the legal standards which he believed to be derived from [a] contract"); <u>Woodard v. Andrus</u>, 2009 WL 140527 , at *1-*2 (W.D. La. Jan. 20, 2009) (holding that legal expert could not testify concerning legal standards and noting that the rule against excluding expert testimony when it consists of legal conclusions makes no exception for situations in which the judge is the trier of fact versus a jury); <u>United States ex rel. Barron v. Deloitte & Touche, LLP</u>, 2008 WL 7136949 (W.D. Tex. Aug. 20, 2008) (excluding expert testimony concerning Medicaid rules and policies and whether the defendants violated such regulations); <u>STMicroelectronics, Inc. v. SanDisk Corp.</u>, 2007 WL 4532662 (E.D. Tex. Jan. 24, 2007) ("As a general rule, contract interpretation is a legal question for the Court to decide. An expert witness may not provide legal conclusions. Since contract interpretation is a legal question for the Court to decide . . . expert opinions on legal questions are unnecessary and inappropriate."); <u>CFM Commc'ns, LLC v. Mitts Telecasting Co.</u>, 424 F. Supp. 2d 1229 (E.D. Cal. 2005) (finding that expert opinions concerning how FCC regulations would apply in a case concerning the enforcement of an option agreement should be excluded because they were "utterly unhelpful" and merely legal conclusions); <u>TC Systems Inc. v. Town of Colonie</u>, 213 F. Supp. 2d 171, 182-82 (N.D.N.Y. 2002) (noting that while "[t]he distinction between fact and legal conclusions . . . is extremely fine" it would exclude portions of the expert's report which "read more like a legal brief than an expert opinion"); <u>Crow v. United Benefit Life Ins. Co.</u>, 2001 WL 285231, at *2-*3 (N.D. Tex. Mar. 16, 2001) (excluding expert testimony regarding breaches of the duty of good faith and fair dealing); <u>Green v. CBS Broadcasting, Inc.</u>, 2000 WL 33243748 at *4 (N.D. Tex. 2000) (recognizing that the "Fifth Circuit has repeatedly held that legal opinions are not a proper subject of expert testimony").

role of the court. <u>Askanase</u>, 130 F.3d at 673; <u>Goodman v. Harris Cnty</u>, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law"); <u>Specht v. Jensen</u>, 853 F.2d 805, 808-09 (10th Cir. 1988) (holding that the trial court erred in allowing expert legal opinions regarding warrantless searches because such opinions improperly instructed the jury on how to decide the case). As perhaps best stated in <u>Burkhart v. Washington Metropolitan Area Transit Authority</u>, "Each courtroom comes equipped with a legal expert [. . .] called a judge." 112 F.3d 1207, 1213 (D.C. Cir. 1997).

In <u>Askanase v. Fatjo</u>, the plaintiffs' legal expert testified that defendants had breached various fiduciary duties to the corporation. 130 F.3d at 673. The court held that this testimony was an inadmissible legal opinion because "our legal system reserves to the trial judge the role of deciding the law. . . ." <u>Id.</u> Similarly, in <u>Estate of Sowell</u>, the Fifth Circuit excluded expert testimony from a lawyer regarding what a reasonable fiduciary would do when confronted with facts identical to those in the case. 198 F.3d at 171-72. The court noted that whether or not the Estate was acting reasonably was, for all practical purposes, the only issue to decide in the case. <u>Id.</u> The court, reiterating its holding in <u>Askanase</u>, explained that "if an expert were allowed to testify to legal questions, each party would find an expert would state the law in the light most favorable to its position." <u>Id.</u> at 172.

In this case, Plaintiffs seek to exclude Morris as an expert witness based on the opinions espoused in Morris' expert report. Plaintiffs assert that Morris' report is littered with inappropriate legal conclusions. The Court agrees with the Plaintiffs. Morris even concedes that "his opinion is presumed to deal *only* with the specific *legal issues* addressed in it." Morris' report begins by citing to Mississippi Code Annotated Section 79-4-6.24 and attempts to explain how that code section should be interpreted. The report then goes on to interpret a particular

corporate resolution at issue in the case. Morris asserts that the resolution is ambiguous[2] and, that due to such ambiguities, the business records "do not contain a resolution of the Board of Directors." All of these assertions proffered by Morris are nothing more than pure legal conclusions reached by interpreting a statute and applying that interpretation to the facts in the case. The report essentially attempts to tell the Court how the case should be resolved under Mississippi law.

Defendant Affordable Holding argues that Morris' report should not be excluded because it contains statements concerning industry standards and business customs within corporate law. Defendant contends that courts often allow expert testimony from a lawyer when that testimony concerns such industry customs. If Morris' report contained *any* reference to an industry standard or corporate practice in general, Defendant might have a compelling argument.[3] However, Morris' expert report is entirely devoid of a reference to or mention of industry standards related to the preparation of documents by corporations or corporate standards of care. Instead, as noted, Morris *only* offers legal conclusions concerning the interpretation of Mississippi law and how such law applies in this case. Given this, Morris' proposed testimony contained in his report shall be excluded. "[T]o make it abundantly clear [ ], it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms;

[2] Defendant Affordable Holding asserts that Morris should be allowed to testify as to the alleged ambiguity in the resolution because "the ambiguity in the present case is obvious." First, whether or not a document is ambiguous is a legal matter for the Court to decide. Second, if the ambiguity is really that "obvious," this negates the need for a legal expert to point out such obviousness for the trier of fact, which in this case is the Court.

[3] See, e.g., Huddleston v. Herman & MacLean, 640 F.2d 534, 552 (5th Cir. 1981), *aff'd in part, rev'd in part on other grounds by* 459 U.S. 375, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983) (lawyer could testify that language in a boilerplate contract was standard because the effect of the language went to scienter); United States v. Leo, 941 F.2d 181, 196 (3rd Cir. 1991) (stating that "[w]hile it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury, our Court has allowed expert testimony concerning business customs and practices.").

those roles fall solely within the province of the court." <u>Roundout Valley Cent. Sch. Dist. v.</u> <u>Coneco Corp.</u>, 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004). Accordingly, Plaintiffs' Motion is granted.

So ordered on this, the <u>12th</u> day of July, 2011.

<u>**/s/ Sharion Aycock**</u>
**UNITED STATES DISTRICT JUDGE**